The Honorable Larry Goodwin State Representative Box 65 Cave City, AR 72521
Dear Representative Goodwin:
This is in response to your request for an opinion on the following two questions regarding presentence screening reports in DWI cases:
 1. Can a sentence be imposed before the court receives the presentencing report under Arkansas Code § 5-65-109?
 2. In DWI cases does the court have the authority to require a presentence investigation report in addition to the one required under Arkansas Code § 5-65-109?
In response to your first question, A.C.A. § 5-65-109(a) (1987), as amended by Act 899 of 1991, provides:
 [u]pon a finding of guilt or a plea of guilty or nolo contendere for violating § 5-65-103, the court shall immediately request and the Arkansas Highway Safety Program or its designee shall provide a presentence screening and assessment report of the defendant. However, in cases where the jury fixes and agrees on punishment pursuant to § 5-4-103(a), the decision whether to request a presentence screening and assessment report is discretionary with the court.
Under this provision, it appears that when the court fixes punishment, there must be a presentence screening report, but that when the jury fixes punishment, the report is not necessarily required. Nevertheless, it is clear that when the presentence screening report is requested, it must be provided within thirty days of the request, and that the court shall not pronounce sentence until receipt of the report. See A.C.A. §5-65-109(b) (1987 and Act 899 of 1991). Thus, it is my opinion that if the court has requested the presentence screening report, whether by necessity in the case of court sentencing, or by choice in the case of jury sentencing, it must wait until it receives that report to pronounce sentence.
In response to your second question, A.C.A. § 5-65-109(c) provides that the presentence screening report shall include, but is not limited to, the offender's driving record, alcohol-related criminal record, an alcohol problem assessment, and victim impact statement where applicable. Because the report is not limited to the information specified in § 5-65-109(c), it is my opinion that the court may require it to include more information. Likewise, the court appears to be authorized to require additional presentence investigation under A.C.A. § 5-4-102 (1987). It is my opinion, however, that while additional information may be required by the court prior to sentencing the defendant, all presentence reports in DWI cases must be provided to the court within the thirty-day limit imposed by § 5-65-109(b).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
Winston Bryant Attorney General